IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

     vs.                          Criminal Action 2:17-cr-111(1)
                                      JUDGE JAMES L. GRAHAM

DENNIS DENARD THOMAS

## REPORT AND RECOMMENDATION

The United States of America and defendant Dennis Denard Thomas
entered into a plea agreement[1] whereby defendant agreed to enter a plea
of guilty to Count 1 of the *Superseding Indictment*, which charges him
with conspiracy to possess with intent to distribute more than 500
grams of cocaine in violation of 21 U.S.C. §§ 841, 846.  On August 1,
2017, defendant, accompanied by his counsel, appeared for an
arraignment and entry of guilty plea pursuant to a plea agreement.
Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a
guilty plea before a Magistrate Judge.  *See United States v. Cukaj,*
2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a
guilty plea with the express consent of the defendant and where no
objection to the report and recommendation is filed]; *United States v.
Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125
F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d
1247, 1251 (10th Cir. 1996).

During the plea proceeding, the undersigned observed the
appearance and responsiveness of defendant in answering questions.
Based on that observation, the undersigned is satisfied that, at the
time he entered his guilty plea, defendant was in full possession of
his faculties, was not suffering from any apparent physical or mental
illness, and was not under the influence of narcotics or alcohol.

---

[1] Under the plea agreement, defendant agrees to the forfeiture count of
the *Superseding Indictment* and also agrees to waive most of his appellate
rights.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges returned in the *Superseding Indictment* and the consequences of his plea of guilty to Count 1 of the *Superseding Indictment*.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on July 31, 2017, represents the only promises made by anyone regarding the charges in the *Superseding Indictment*.  Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge, which is attached to the plea agreement.  He confirmed that he is pleading guilty to Count 1 of the *Superseding Indictment* because he is in fact guilty of the offense charged in that count.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Superseding Indictment* be accepted.  Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

August 1, 2017                          *s/  Norah McCann King*
  Date                               Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge